IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **ROBBIN THOMAS**<br>406 Woodcrest Avenue<br>Salisbury, Maryland 21804<br>(Wicomico County)<br><br>Plaintiff<br><br>v.<br><br>**GARY JAMES STOLL**<br>9130 Blue Lake Court<br>Ft. Myers, Florida 33967<br>(Lee County)<br><br>Defendant | Civil Case No. 1:23-cv-02027<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff Robbin Thomas, by and through her undersigned attorney, Amy L. Taylor, Esquire and Robertson & Robertson, P.A., sues Defendant Gary James Stoll related to a motor vehicle collision that occurred on or about August 7, 2020, in Worcester County, Maryland, and for causes of action against said Defendant states as follows:

### PARTIES

1. At all relevant times, Plaintiff Robbin Thomas (hereinafter "Mrs. Thomas") was, and continues to be, a citizen of the United States and an adult resident of Salisbury, Wicomico County, Maryland.

2. At all relevant times, Defendant Gary James Stoll (hereinafter "Defendant Stoll"), upon information and belief, was, and continues to be, a citizen of the United States and an adult

resident of Ft. Myers, Lee County, Florida who caused tortious action in Worcester County, Maryland.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1332(a)(1), this Court has original jurisdiction because it is a civil action (motor vehicle personal injury tort claim) where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## FACTS COMMON TO ALL COUNTS

4. On or about August 7, 2020, at approximately 1:11 p.m., Mrs. Thomas was safely operating her 2011 Ford Escape (hereinafter "the Thomas vehicle") in a westbound direction on U.S. Route 50 (aka Ocean Gateway) near the intersection with Maryland Route 610 (aka Whaleyville Road) in Worcester County, Maryland.

5. At the same time and place, another driver, Defendant Stoll, was operating a 2018 Toyota Highlander (hereinafter "the Stoll vehicle"), northbound on Maryland Route 610.

6. Defendant Stoll, failed to yield the right of way to Mrs. Thomas, failed to give his full time and attention, was inattentive, attempted to cross over U.S. Route 50, pulled in front of the Thomas vehicle, and caused a serious collision between the Thomas vehicle and the Stoll vehicle.

7. Mrs. Thomas suffered serious and permanent injuries as a result of the collision.

8. The Thomas vehicle and the Stoll vehicle sustained severe property damage, and the Thomas vehicle was later determined to be a total loss.

## **NEGLIGENCE**

9. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, *supra,* with the same effect as if fully set forth herein.

10. At all relevant times, Defendant Stoll owed a duty to Mrs. Thomas, and other members of the public, to operate his vehicle in a safe and reasonable manner.

11. Defendant Stoll breached that duty by, among other things, negligently operating his vehicle, failing to yield the right of way, failing to give his full time and attention, being inattentive, and otherwise being negligent.

12. As a direct and proximate result of the aforesaid negligent acts of Defendant Stoll, Mrs. Thomas was caused to suffer permanent injuries, pain and suffering (past and future), and other economic and non-economic (past and future) damages including, but not limited to, amounts incurred for medical care and treatment (past and future) for injuries sustained in the rear-end collision, and other damages (past and future).

13. As a further direct and proximate result of the aforesaid negligent acts of Defendant Stoll, Mrs. Thomas was caused to suffer lost time from work, lost wages, and other economic harm (past and future).

14. As a further direct and proximate result of the aforementioned negligent acts of Defendant Stoll, Mrs. Thomas has been caused to suffer mental anguish, physical pain and suffering and loss of enjoyment of life (past and future). Mrs. Thomas has suffered and will continue to suffer other economic and non-economic harm and damages and other losses and some of the injuries to Mrs. Thomas are permanent in nature.

15. Defendant Stoll's negligence was a direct and proximate cause of all of the injuries sustained by Mrs. Thomas without any acts or omissions of Mrs. Thomas contributing thereto.

WHEREFORE, Plaintiff Robbin Thomas demands judgment against Defendant Stoll, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

July 27, 2023

_____
Amy L. Taylor, Esquire
(Federal Bar #18425)
ROBERTSON &ROBERTSON, P.A.
1205 Pemberton Drive, Suite 104
Salisbury, Maryland 21801
Telephone (410) 749-9111
Facsimile (410) 749-1119
Amy@RobertsonPA.com
*Attorneys for Plaintiff Robbin Thomas*